## Winklespecht v. Insurance Company of North America

*Gerald B. Barr*, for plaintiffs.

*Edward C. McCardle*, for defendant Insurance Company of North America.

*Jackson M. Sigmon, G. E. Clark, Jr., Wallace C. Worth, Jr.*, and *George A. Hahalis*, for other respondents.

MELLENBERG, *J.*, January 27, 1978—This action is before the court on a petition for declaratory judgment to construe an exclusionary clause of an insurance policy.

On October 26, 1976, petitioners, Ed P. Winklespecht, Jr., Katherine O.B. Winklespecht and their son, Ed P. Winklespecht, III (hereinafter referred to as "Winklespecht"), filed a petition for declaratory judgment against respondent, Insurance Company of North America (hereinafter referred to as "INA"). Subsequently, petitioners filed an amended petition for declaratory judgment naming 22 other respondents. The matter is now before the court for disposition. The facts which are undisputed are as follows:

On May 18, 1976, Winklespecht, Clifford Borchers, and James Ferner, who were students at Keystone Junior College, LaPlume, Pennsylvania, entered upon a scheme to plant smoke bombs in a female dormitory at the college. The bombs which they had obtained from a nearby farm were approximately the same dimensions as that of a one gallon can of paint. Each bomb weighed roughly five to ten pounds.

The aforesaid dormitory had two entrances on either side of the building with stairwells located therein. Winklespecht and Ferner placed one of the

smoke bombs on a stairwell between the basement and the first floor. At the same instance, Borchers was to have set a second bomb at the other stairwell. The bomb placed by Winklespecht and Ferner was ignited and it immediately emitted smoke, filling the stairwell and the hallways to the upper two floors of the dormitory. It is unknown whether or not the bomb placed by Borchers was ever ignited. Because of the spreading smoke, the female students occupying the upper floors fled the building. Several students inhaled the fumes causing them injuries, and the dormitory sustained property damage. As a result of the incident, several claims for damages were filed against petitioners.

Ed Winklespecht, Jr. and Katherine Winklespecht are the holders of an INA Homeowner's Insurance Policy, Policy No. AO-20-54-22-A. Because of the aforesaid claims filed against them, they applied to INA for the defense of any action brought against them or their son and for payment of any claims entered.[1] By letters dated July 14, 1976, and July 15, 1976, INA refused petitioners' request for coverage citing an exclusion clause of their policy which released the company from coverage of "bodily injury or property damage which is either expected or intended from the standpoint of the insured."[2] In response to the denial of coverage, petitioners filed a petition for declaratory judgment to interpret the exclusionary clause relied upon by INA.

---

1. Ed P. Winklespecht, III, is an "insured" under the aforementioned policy as a "person under the age of twenty-one (21) in the care of any Insured," as stated in Section VIII A-1.(b) of the policy.

2. Section II, Exclusion A-6.

INA contends that Winklespecht intended or expected the damages which resulted from the igniting of the smoke bomb; thus, under the exclusion section of the aforesaid policy which excluded from coverage damages expected or intended, INA rightfully denied the requested coverage.

The only case in Pennsylvania which has dealt with this matter is Eisenman v. Hornberger, 438 Pa. 46, 264 A. 2d 673 (1970), and we are of the opinion that it controls the disposition of the case at bar.

In Eisenman, two minors, Hornberger and Scargo, burglarized the home of Mr. and Mrs. Eisenman and carried off a quantity of liquor. Rather than turn on the lights in the darkened home and risk possible detection, the youths lit matches to guide their way. One of the matches, after being used, was discarded and fell into a cushioned chair. After the departure of the burglars, and unknown to them, the match smouldered in the chair and it finally resulted in a fire which completely destroyed the home and its contents. The Eisenmans instituted suit for the damages against the youths involved. Hornberger's father was the holder of a homeowner's policy issued by Royal Insurance Company under which he sought coverage for the damages incurred by his son. Royal denied coverage relying on an exclusion clause of the policy which provided that the company was excluded from coverage of property damage caused intentionally by or at the direction of the insured. Thereafter, the Eisenmans issued a writ of execution against Hornberger with attachment execution proceedings eventually initiated against Royal. Ultimately, judgment was entered against Royal.

On appeal, the Supreme Court affirmed the judgment against Royal. The court determined that the insurance policy involved did not exclude damage resulting from intentional acts of the insured but only damage intentionally caused by him. They subscribed to the view that before the insurer may validly disclaim liability, it must be shown that the insured intended by his act to produce the damage which did in fact occur. The court concluded that there was no evidence to indicate that Hornberger intended to cause the property damage which resulted; thus, Royal could not disclaim coverage.

In the instant case, Winklespecht testified that he set off the smoke bomb to "create a little action." He also testified that he only expected the bomb to emit smoke for five or ten minutes and that it would quickly dissipate and escape through windows in the stairwell. There is no evidence showing that Winklespecht intended or expected to harm anyone or cause any damage to the dormitory.

In that defendant, INA, has failed to prove any intention or expectation on the part of their insured, Winklespecht, to cause the injuries which resulted, we conclude that plaintiff, Winklespecht, under the terms of the INA policy would not be excluded from coverage otherwise afforded by said policy.

## DECLARATION

Now, January 27, 1978, after hearing and for the reasons set forth in the attached opinion, the following declaration is entered:

Petitioner-plaintiffs are entitled to such coverage as may be provided by Insurance Company of North America Homeowner's Policy No. AO-20-54-22-A

for the claims arising from the acts of Ed P. Winklespecht, III, on May 18, 1976, as outlined in the attached opinion, and that section II, exclusion A-6 of said policy would be inapplicable to deny such coverage by Insurance Company of North America.